THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KELVIN LORENZO HARRIS                                                                                    PLAINTIFF

v.                                      Civil No. 4:14-CV-04141-SOH-BAB

SHERIFF RON STOVALL, ET. AL.
                                                                                                        DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff Kelvin Lorenzo Harris pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to keep the Court apprised of his address, failure to comply with a Court Order, Defendants' Motion to Dismiss for Failure to Obey a Court Order, and Alternative Motion for Extension of Time to File Summary Judgment Motion. ECF Nos. 22 and 24.  After careful consideration, the Court makes the following Report and Recommendation.

**1.    BACKGROUND**

Plaintiff filed his Complaint on October 28, 2104 while incarcerated at the Miller County Detention Center.  ECF No. 1.  Plaintiff submitted an incomplete IFP certificate, therefore the Court entered an Order on October 28, 2014 directing him to complete the information by November 17, 2014.  In this Order Plaintiff was advised that failure to inform the Court of an address change may result in dismissal of his case.  ECF No. 3.  Plaintiff responded, and IFP was granted on March 10,

2015. ECF No. 7.

Mail sent to the Miller County Detention Center was returned as undeliverable on March 24, 2015. The Court entered an Order changing Plaintiff's address on March 24, 2105. ECF No. 10. This Order was returned as undeliverable on March 26, 2015.

Defendants filed a Motion to Compel Plaintiff to Answer Discovery Requests on June 24, 2015. ECF No. 16. The Court entered an Order granting this request on November 2, 2015. ECF No. 21. In this Order, Plaintiff was directed to respond to discovery by 5:00pm on November 23, 2015 or face dismissal of his case. The Order was not returned as undeliverable. Plaintiff did not respond.

Defendants filed a Motion to Dismiss for failure to obey the Court's Order on November 24, 2015. ECF 22. They filed a Motion on December 17, 2015 requesting an extension of time to file their Summary Judgment Motion until after the Motion to Dismiss has been ruled upon. ECF No. 24.

Plaintiff has not communicated with the Court since November 3, 2014.

**2.    APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil

2

Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**3.    DISCUSSION**

Plaintiff failed to keep the Court apprised of his address. Plaintiff failed to comply with the Court's Order directing him to provide discovery responses. Plaintiff failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and Local Rules, failure to comply with the Court's Order, and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4. CONCLUSION**

For the foregoing reasons, I recommend Defendants Motion to Dismiss (ECF No. 22) be **GRANTED**, and Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules, has failed to comply with the Court's Order, and has failed to prosecute this matter. Defendants' Motion to Extend Time to File Summary Judgment Motion (ECF No. 24) is **DENIED** as moot. The Summary Judgment Hearing set for February 3, 2016 at 10:00am in Texarkana is **CANCELLED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district Court.**

**DATED this 21st day of December 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE